UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A. F. GOODWIN, L.L.C.<br>OLD SCHOOL EQUIPMENT | CIVIL ACTION |
| VERSUS | NO. 06-4218 |
| THACKER CONSTRUCTION<br>GROUP, INC. | SECTION "L"(3) |

Before the Court is a Motion for Summary Judgment filed by Plaintiff, A. F. Goodwin, L.L.C. ("Old School") (REC. DOC. 16). A Memorandum in Opposition to Old School's Summary Judgment was filed on behalf of Thacker Construction Group, Inc. ("TCG") (REC. DOC. 25). The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

I.   **BACKGROUND**

Old School, a Texas limited liability company, came to New Orleans following Hurricane Katrina to perform hurricane recovery work. Floyd Gary Thacker, a former shareholder in TCG, met with Old School's owner, Frank Goodwin, at least one employee of E.R. Mitchell Construction Company ("ERM"), and representatives of CH2M Hill Constructors ("CH2M Hill"). Floyd Gary Thacker indicated that he represented TCG and entered into a first tier subcontract with CH2M Hill to construct a trailer site at the Landry School Site Job, 108 Tiger Circle, Hahnville, St. Charles Parish, Louisiana, which is owned by Federal Emergency Management Agency (FEMA).

Harold Cooper, an employee ERM, was appointed as Project Manager by Floyd Gary Thacker. As project manager, Cooper signed four individual second tier subcontracts with Old

School for the installation of a sanitary sewer, domestic water lines, gravel and paving, and electrical wiring. Cooper indicated that he was acting on behalf of TCG.  In the original agreement, the construction work was to be completed in seven days and the total value of the subcontracts was $128,000.00.  When the owners and officers of TCG learned that Floyd Gary Thacker contracted with FEMA in the name of TCG and allowed Cooper to sign the four second tier subcontracts with Old School, the officers and owners agreed to fulfill the project.

During the course of the project, Old School encountered several difficulties which caused the project to be completed in twenty-one days instead of seven.  Old School states that the delays and changes to the project plans were beyond their control, because of the poor supply of material and the additional manpower and equipment that was requested by Cooper to expedite the changes.  Changes and delays were due to reordering plumbing supplies, not being supplied with a pre-job drawing of the projects, and having instructions on the construction site overridden by the Army Corps of Engineer.

On October 31, 2005, Old School indicated that it had been paid $128,000.00. TCG subsequently received a final invoice from Old School for $354, 363.28 on November 11, 2005. TCG responded to the invoice by "requesting a more detailed submission" for the claims; however, one was not submitted.

Since TCG, has allegedly not paid Old School for the work performed at the Landry School Site, Old School claims that it is entitled to summary judgment as a matter of law for the full amount that is owed.

II.     ARGUMENTS OF THE PARTIES

### A. Plaintiff's Arguments

#### 1. TCG ratified and confirmed the contract by preceding forward.

Old School argues that TCG's actions throughout their relationship abided by the terms and conditions of the written subcontracts, except for payment owed. Old School submits the affidavit of the President of TCG, Anthony S. Thacker, as evidence of compliance with the written terms. Anthony S. Thacker stated that "when he discovered that Floyd Gary Thacker had signed a contract with a contractor to the federal government...he felt obligated as TCG's President that TCG should do the best it could to perform the first tier subcontract." (Affidavit of Anthony S. Thacker, pg. 2.). Furthermore, Old School asserts that TCG would not have begun work if Floyd Gary Thacker, Vice-President of Thacker, had exceeded his authority. *(See* Exhibit "E," letter from Floyd G. Thacker to Old School regarding the final invoice submitted to TCG). TCG confirmed the contract by proceeding with the construction plan and making partial payments of Old School's invoices. (Affidavit of Anthony S. Thacker, pg. 3) (*See* Exhibit "D," Old School's Application for Payment to TCG).

#### 2. The internal affairs of TCG concerning ownership of stock and empowerment with authority is irrelevant to Old School.

Old School argues that from its point of view, Floyd Gary Thacker was clothed with full authority to bind TCG and empowered so under the contracts. Old School asserts that the "Miscellaneous Notice," which TCG relies on to show that "any commitments Floyd Gary Thacker makes on behalf of TCG will not be honored by the current owners," is irrelevant. The notice is dated February 20, 2006, after the November 16, 2005 date of the letter that Floyd Gary Thacker sent to Old School in response to its final invoice. Mr. Thacker's letter acknowledged receipt of both the final invoice and the increased costs due to delays and changed conditions. Old School submits that the letter does not indicate lack of authority, but rather the need for

clarification for work performed.  Old School argues that Floyd Gary Thacker never communicated that his position with TCG had changed.  (*See* Exhibit "E," letter from Floyd G. Thacker to Old School regarding the final invoice submitted to TCG).

### 3. Old School should prevail under any analysis of disclosed verus undisclosed agency/mandate/procuration.

Old School asserts that the contract created with TCG is commutative, thus obligating Old School to perform services and TCG to pay for the services.  Consent to the contract was both express and tacit when its representatives signed the contracts, instructed how to perform the work, and when partial payment was rendered.  At all times, Floyd Gary Thacker acted as a representative of the defendant.

### B. Defendant's Arguments

#### 1. Old School  failed to attach to its complaint or motion any evidence indicating that it submitted invoices to TCG that were unpaid.

TCG argues that Old School submitted a request for payment for $354,363.28, but has failed to submit any back-up documentation showing that payment was not made.

#### 2. Floyd Gary Thacker does not have any ownership in TCG and does not have a management interest in TCG.

Floyd Gary Thacker did not have any authority to make any commitments for TCG. Consequently, TCG did not employ, contract with or retain the service of Harold Cooper. Cooper was employed as a superintendent by ERM at all times.

#### 3. TCG was not the prime contractor and the delays and changes complained of by Old School was caused by the CH2M Hill, the Army Corps of Engineers and/or FEMA.

TCG asserts that the first tier subcontract with CH2M Hill provides that all instructions

were to come from CH2M Hill.  *(See* Exhibit "F," Subcontract between CH2M Hill and Subcontractor, represented by Floyd G. Thacker.  Thus, any delays and changes were not caused by TCG).

### III.    LAW AND ANALYSIS OF THE COURT

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  Stults v. Conoco, Inc., 76 F.3d 651, 655-56 (5th Cir. 1996) (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).

In its Motion for Summary Judgment, Plaintiff asserts the existence of contracts between Old School and TCG, and the authorization of Floyd Gary Thacker to enter into such contracts.  However, the Court is not here to decide whether such contracts exist and the extent of the powers of Floyd Gary Thacker, only the amount owed to Plaintiff.

Plaintiff contends that changes to the original plans, due to the Defendant, increased the cost of performance; consequently, the Defendant has only made partial payments of Plaintiff's invoices. Defendant submits that it has paid the full amount owed and has included Plaintiff's Applications for Payment and a copy of Check No. 1005 made to Plaintiff as evidence of payment. Thus, there is a question of whether the payment made based on the original amount of the contracts only constitutes partial payments or whether there was an agreement between the parties that changed the total amount owed to Plaintiff. The Court finds that summary judgment is not appropriate in this case as there are genuine issues of material fact with respect to total amount of payment owed.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of Old School Equipment, be and the same is hereby **DENIED.**

New Orleans, Louisiana, this 9th day of November, 2007.

_____
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE